KAHUKU AGRICULTURAL CO. (HAWAII), INC., Plaintiff-Appellant, v. P. R. CASSIDAY, INC. AND TRUSTEES UNDER THE WILL AND OF THE ESTATE OF JAMES CAMPBELL, DECEASED, Defendants-Appellees, and H. C. CORNUELLE, INC., F. E. TROTTER, INC. and W. H. McVAY, INC., Defendants

NO. 11060

CIVIL NO. 85-0214

OCTOBER 8, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Plaintiff-Appellant Kahuku Agricultural Co., Inc. (Appellant), appeals from that part of a judgment of the Circuit Court of the First Circuit denying it attorney's fees and deposition costs. This appeal arises from an action brought by Appellant for declaratory judgment against Defendants-Appellees P. R. Cassiday, Inc., and Trustees under the Will and of the Estate of James Campbell, Deceased (Appellees), to be restored to possession, use and enjoyment of certain agricultural land at Kahuku, Oahu, Hawaii. Since we conclude that Appellant was the prevailing party in the action below, we reverse and remand to the lower court to determine the amount of attorney's fees and costs Appellant should receive.

I.

Appellant had leased agricultural property from Appellees since

1973. On October 11, 1984, Appellees sent a letter to Appellant claiming that it had defaulted on the lease by violating several of its covenants. Appellant denied some of the violations and claimed that it had corrected many of the others. Further correspondence took place. Eventually, Appellees terminated the lease and locked out Appellant. On January 16, 1985, Appellant applied for and obtained a temporary restraining order enabling it to enter the premises and exercise its rights under the lease. Appellant later obtained a permanent injunction.

At the same time Appellant applied for a temporary restraining order, Appellant also filed a Complaint for Declaratory Judgment. In essence, the Complaint recited the alleged violations of the lease provisions and the responses by Appellant. In addition, the Complaint alleged (1) that the violations of the lease provisions had been substantially corrected, (2) that preventing Appellant's employees from entering the premises was unreasonable, (3) that Appellees' interpretation and administration of the lease provisions were unreasonable, and (4) that Appellant would suffer irreparable damages should Appellees be allowed to keep Appellant's employees off the premises. Appellees denied these additional allegations.

Appellant then prayed that the court interpret the provisions of the lease under dispute, determine Appellees' interpretation and administration of the lease provisions to be unreasonable and enjoin Appellees from preventing Appellant's employees from entering the premises and exercising Appellant's rights under the lease.

In a jury-waived trial, the trial judge declared that "the Court [did] not intend to change the lease provisions" and that most of the violations or deficiencies cited in Appellees' first letter were substantially cured. The only alleged violations the court considered were claims that Appellant had failed to: (a) cultivate the maximum amount of arable land, and (b) practice good agricultural husbandry, both as required under the lease. The court determined that Hurricane Iwa and poor market conditions created circumstances which excused Appellant from cultivating the maximum arable acreage. It also found that Appellant had not violated the covenant to practice good argicultural husbandry.

Subsequent to the court's rendering of its oral decision and prior to its filing of the *Findings of Fact and Conclusions of Law*, Appellant moved for taxation of costs and attorney's fees, which motion was heard on March 29, 1985. At the conclusion of the hearing, the court denied Appellant's request for attorney's fees and costs incurred by way of

transcripts of pre-trial depositions but allowed Appellant to recover $95.00 for filing and Deputy Sheriff's service fees. This appeal follows.

## II.

One of the provisions of the lease requires the lessee to pay all of the expenses of the lessor in enforcing the lease terms. Specifically, the lease provides as follows:

> (11) *Expenses of Lessors.* That the Lessee will pay to the Lessors on demand, as incurred or at any time thereafter, all costs and expenses including reasonable attorneys' fees incurred by the Lessors in enforcing any of the Lessee's covenants herein contained or remedying any breach thereof, in recovering possession of said premises or any part thereof, in collecting any delinquent rent, taxes or other charges hereunder payable by the Lessee, or in connection with any litigation (other than condemnation proceedings) commenced by or against the Lessee to which the Lessors shall without fault be made parties.

Section 607-17 of the Hawaii Revised Statutes (HRS) provides:

> *Attorney's fees when provided for in promissory notes, etc.* Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promissory note or other contract in writing which provides for an attorney's fee the following rates shall prevail and shall be awarded to the successful party, whether plaintiff or defendant[.]

HRS § 607-17 (1976).

## III.

It is apparent that the trial court below failed to apply the proper standard for determining whether Appellant was entitled to attorney's fees.

We find that this case is controlled by *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.,* 58 Haw. 606, 575 P.2d 869 (1978). In *Food Pantry* this court reviewed a circuit court decision not to declare a lessor the prevailing party and refusing to award attorney's fees and costs. There, in deciding that the lessor was the prevailing party, we identified the principle issues raised by the pleading and the proof and noted that all of

the issues had been decided in favor of the lessor. 58 Haw. at 620, 575 P.2d at 879. Here we engage in a similar analysis.

Appellant's prayer for relief sought the court to (1) interpret the lease and determine the rights of the parties, (2) determine that the interpretation and administration of the lease was unreasonable, and (3) enjoin the Appellees from preventing Appellant from exercising its rights under the lease.

By excusing the only two lease violations considered at trial, permitting Appellant to remain in possession and issuing a permanent injunction, the trial court awarded Appellant all the relief it sought when it brought the suit. Appellees fail to indicate a single meaningful issue upon which they succeeded below. Based upon the pleadings, we conclude that Appellant was the prevailing party.

Appellees argue that the trial court merely placed the parties back to their original positions as lessee and lessor and that therefore there was no true prevailing party. We cannot concur with Appellee's argument. Appellees engaged in a very serious act of self-help in locking out Appellant. Appellant's only recourse was to bring this action. Since we find Appellant was the prevailing party in this action, Appellees must now bear the responsibility for attorney's fees and costs.

Once a prevailing party is determined, a trial court has no discretion concerning whether or not to award fees. The mandatory language of HRS § 607-17 provides that certain stated rates for attorney's fees "*shall* prevail and *shall* be awarded to the successful party, whether plaintiff or defendant." (Emphasis added).

We therefore reverse and remand to the trial court to determine the attorney's fee to be awarded.

## IV.

Appellant also claims that it is entitled to its costs for depositions taken below. The trial court withheld such costs premised on its finding that there was no prevailing party. Insofar as we find the Appellant to be the prevailing party, we reverse and remand to the trial court to determine what amount should be awarded Appellant for deposition costs reasonably and necessarily incurred. *Geldert v. State,* 3 Haw. App. 259, 268-69, 649 P.2d 1165, 1172 (1982).

## V.

The cause is remanded for modification of judgment and for further

proceedings not inconsistent with this opinion.

*Charles M. Tonaki* (*Hong, Iwai & Hulbert,* of counsel) for Plaintiff-Appellant.

*M. Eleanor Herberg* (*Wayne Nasser* and *Michael W. Gibson* with her on the brief; *Ashford & Wriston,* of counsel) for Defendants-Appellees.

## DISSENTING OPINION OF NAKAMURA, J.

The majority of this court decides "Appellant was the prevailing party in the action below" and "remand[s the case] to determine the amount of attorney's fees and costs Appellant should receive." The facts, in my view, cannot support the ruling; I would affirm the denial of attorney's fees by the circuit court.

### I.

Following a bench trial, the circuit court ruled the appellant was "entitled to be restored to possession of the premises." Regarding the issues considered in reaching this decision, the court said:

> With respect to whether all arable lands are being put to use as per that agreement, I am going to rule at this time that, at this time, there appears to be some justification on the part of the Plaintiff that because of the market conditions and the condition of some of the papayas and other plants that he had after the hurricane and the wind damage that there is, at least as far as the Court's concerned, an area that he has not been able to put the land in arable use because of the damage and also because of the conditions as far as agriculture and some of the products are concerned. And, again, the Court notes here that the Plaintiff does have quite a bit of investment in the property.
>
> With respect to whether good husbandry is being practiced, again, this all comes down to, I think, a judgmental thing. Everybody has their own ideas. Even the experts do agree that it wouldn't take much by herbicides, pesticides, and proper pruning and fertilization that the products could be brought back. So I'm going to rule, at this time, there [are] sufficient grounds to hold that ... there was at least an excuse for the Plaintiff not to put all the lands in arable

condition . . . .

Citing *Food Pantry, Ltd. v. Waikiki Business Plaza, Inc.,* 58 Haw. 606, 575 P.2d 869 (1978), and asserting it was the prevailing party, the appellant moved thereafter for an award of costs and attorney's fees. The trial court, however, awarded appellant only $95, representing sums paid as filing and service fees. And the court explained why it was limiting the award to these items:

> As far as the Court's concerned, at this time, I'm going to say that the plaintiff can have back its costs, because the defendants did lock out the plaintiff, but I'm going to deny the motion for everything else. I'm really returning the parties back to their original positions. And as I have mentioned, the matter is not terminated at this point. There may be other matters, depending upon what happens in the future, that will concern this lease. So as I see it, it's an interim type of judgment by the Court and really is a situation that the Court returns the parties as to their agreement in the lease; and, therefore, other than the court costs, I'm going to deny the plaintiff's motion for the other costs and attorney's fees . . . .

## II.

This court nonetheless "find[s the plaintiff] was the prevailing party in the action." "Once a prevailing party is determined," the court holds, "a trial court has no discretion concerning whether or not to award fees." But "whether there was a wrongful eviction and breach of the lease were questions of fact for the [trier of fact] to decide . . . ." *Watson v. Brown,* 67 Haw. 252, 258, 686 P.2d 12, 16 (1984). That the trier found the plaintiff breached the lease is implicit in its decision. But since "there was at least an excuse for the Plaintiff not to put all the lands in arable condition," the trial court chose not to sustain the eviction. It decided instead to "return[] the parties . . . to their original positions" as an "interim type of judgment."

As the majority acknowledges, a finding that there was no prevailing party is implicit in the trial court's rejection of the plaintiff's plea for attorney's fees. Given the circumstances, I would have to agree with the trial court that no one prevailed. Lawsuits do not invariably yield prevailing parties—some lawsuits like some football games end in ties. No one prevailed here because the trial court deemed it equitable to excuse for the moment the lessee's failure to abide by the lease. It was

then fair also to withhold any award of attorney's fees.

Yet this court overrules the trial court, presumably because the defendants "engaged in a very serious act of self-help in locking out [the plaintiff]." What is condemned, however, has been expressly approved, for we only recently said a commercial lessor is "legally entitled to exercise its rights under the lease to evict [the lessee] without first bringing a [legal] proceeding." *Watson v. Brown,* 67 Haw. at 258, 686 P.2d at 16. Thus I find no reason to fault the trial court.